UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELAINE ALMOND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:17-cv-4542 |
| | ) |
| WAL MART STORES, INC., | ) |
| WAL-MART STORES EAST, LP | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Ms. Elaine Almond, hereinafter Ms. Almond, by counsel, pursuant to Rule 3, Fed. R. Civ. P., and files her Complaint against the Defendants, Wal Mart Stores Inc., and Wal-Mart Stores East, LP., hereinafter Defendant, and shows the Court the following:

## JURISDICTION AND VENUE

1. This suit is brought and jurisdiction lies pursuant to §28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This is an action authorized and instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981 and 42 U.S.C. § 1983, Retaliatory Discharge for exercising a statutorily conferred right pursuant to *Frampton v. Central Indiana Gas Co.,* 260 Ind. 249, 297 N.E.2d 425 (1973), and violation of the Family Medical Leave Act of 1993, 29 U.S.C. §2601 et seq. ("FMLA"). .

1

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391.

3. This Court has Supplemental jurisdiction over the state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over the state law matters alleged in this Complaint.

**PARTIES**

4. The Plaintiff, Ms. Almond, is a female citizen of the United States, and is a qualified employee as defined in Section 701(f) of Title VII.

5. Defendant is a qualified employer as the term is defined in Section 701(f) of Title VII.

6. Defendant is a foreign limited partnership registered with the Indiana Secretary of State.

**ADMINISTRATIVE PROCEDURES**

7. On or about April 11, 2017, Ms. Almond filed timely charges of Disability Discrimination in violation of Title VII and the ADA, Retaliation for asserting her rights under Indiana's Worker's Compensation laws against Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 470-2017-01663.

8. On or about September 8, 2017, Ms. Almond received a Notice of Right to Sue from the EEOC for Charge Number 470-2017-01663, entitling her to commence action within

ninety (90) days of her receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".

9. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## FACTS

10. The Defendant hired Ms. Almond on or about February 27, 2000.

11. Throughout her employment with Defendant, Ms. Almond met or exceeded Defendant's legitimate expectations of performance.

12. On or about March 15, 2016, Ms. Almond fell at work and sustained an injury.

13. Ms. Almond was treated through worker's compensation for her injury.

14. Ms. Almond had restrictions due to her injury.

15. Ms. Almond informed the Defendant of her restrictions.

16. Ms. Almond was told by the Defendant that it would be in her "best interest to step down."

17. Ms. Almond was not permitted to move to a different location within her restrictions.

18. The Defendant failed to accommodate her restrictions.

19. The Defendant began to write Ms. Almond up only after her work injury.

20. On June 6, 2016, Ms. Almond received updated restrictions that were to be in place until June 27, 2016.

21. Ms. Almond informed the Defendant of her updated restrictions.

22. The Defendant terminated Ms. Almond on June 12, 2016.

23. The Defendant terminated Ms. Almond after receiving her updated restrictions.

24. The Defendant intentionally discriminated against Ms. Almond due to her disability.

25. The Defendant failed to accommodate Ms. Almond's disability.

26. The Defendant terminated Ms. Almond in retaliation for seeking worker's compensation benefits for her work injury.

27. The Defendant did not offer Ms. Almond FMLA.

28. The Defendant did not inform Ms. Almond of her rights and benefits under the FMLA.

## COUNT I

## DISCRIMINATION ON THE BASIS OF A DISABILITY

Ms. Almond, for her first claim for relief against Defendant, states as follows:

29. Ms. Almond hereby incorporates by reference paragraphs 1 through 28 as though previously set out herein.

30. At all times relevant to this action, Ms. Almond was a "qualified individual with a disability" as that term is defined by 42 U.S.C. §12102 and 12111.

31. The conduct as described hereinabove constitutes discrimination on the basis of Ms. Almond's disability.

32. The Defendant willfully and intentionally failed to accommodate Ms. Almond's disability.

33. Defendant intentionally and willfully discriminated against Ms. Almond because she is disabled and/or because Ms. Almond has a record of being disabled and/or because Defendant regarded Ms. Almond as disabled. Similarly situated non-disabled employees were treated more favorable in the terms of privileges, and conditions of their employment.

34. Defendant's actions were intentional, willful and in reckless disregard of Ms. Almond's rights as protected by the ADA and Title VII.

35. Ms. Almond has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## COUNT II

### RETALIATION FOR SEEKING WORKER'S COMPENSATION BENEFITS

36. Ms. Almond hereby incorporates by reference paragraphs 1 through 35 as though previously set out herein.

37. Ms. Almond a work related injury during her employment with Defendant.

38. The conduct as described hereinabove constitutes retaliation on the basis of Ms. Almond lawfully seeking statutory worker's compensation benefits in violation of the law set forth in *Frampton v. Central Indiana Gas Co.*, 260 Ind. 249, 297 N.E.2d 425 (1973).

39. Defendant intentionally and willfully terminated Ms. Almond's employment to avoid providing Ms. Almond with full worker's compensation benefits.

40. Defendant intentionally and willfully refused to accommodate Ms. Almond's disability caused by her work injury and failed to allow her to return to her employment in retaliation for her seeking her lawful rights under Indiana's Worker's Compensation laws. Similarly situated individuals who were not seeking worker's compensation benefits were treated more favorably in the terms, privileges and conditions of their employment.

41. Defendant's actions were intentional, willful and in reckless disregard of Ms. Almond's rights under Indiana Law.

42. Ms. Almond has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## COUNT III

## FAMILY MEDICAL LEAVE ACT VIOLATIONS

43. Ms. Almond hereby incorporates by reference paragraphs 1 through 42 as though previously set out herein.
44. The Defendant was aware that Ms. Almond had an FMLA qualifying injury/event.
45. The Defendant was aware that Ms. Almond was missing work due to a disability.
46. The Defendant failed to offer Ms. Almond benefits under the FMLA.
47. Defendant failed to give Ms. Almond proper notice as required under the FMLA.
48. Defendant's termination of Ms. Almond was in violation of her rights under the FMLA.
49. Defendant failed to give Ms. Almond notice of her rights under the FMLA.
50. Defendant's actions were intentional, willful, malicious and done in reckless disregard of Ms. Almond's legal rights under the FMLA.
51. Mr. Almond has suffered emotional and economic damages as a result of Defendant's unlawful acts.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Ms. Almond, respectfully requests that this Court enter judgment in her favor and:

a. Order Defendant to pay Ms. Almond her lost wages and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which she would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c. Pay compensatory damages;

d. Pay punitive damages;

e. Pay liquidated damages

f. Pay for lost future wages

g. Pay to Ms. Almond all costs and attorney's fees incurred as a result of bringing this action;

h. Payment of all pre- and post judgment interest;

i. Provide to Ms. Almond all other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted:

/s/ Heather R. Falks
Heather R. Falks 29907-41
STEWART & STEWART Attorneys
931 S. Rangeline Rd.
Carmel IN 46032
(317) 846-8999
Fax: (317) 843-1991
heatherf@getstewart.com
Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Ms. Almond, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted:

/s/ Heather R. Falks
Heather R. Falks 29907-41
STEWART & STEWART Attorneys
931 S. Rangeline Rd.
Carmel IN 46032
(317) 846-8999
Fax: (317) 843-1991
heatherf@getstewart.com
Attorney for Plaintiff